MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: ANNA ARREOLA
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-2218

**JUDGE SCHEINDLIN**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,           :   VERIFIED COMPLAINT

          - v -                     :   07 Civ.

$11,906.00 IN UNITED STATES         :   **07 CV 2803**
CURRENCY,
                                    :

          Defendant-in-rem.         :
------------------------------------x

Plaintiff United States of America, by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, for its verified complaint alleges, upon information and belief, as follows:

I. JURISDICTION AND VENUE

1. This action is brought by the United States of America, pursuant to 21 U.S.C. § 881(a)(6), seeking the forfeiture of $11,906.00 in United States currency (the "DEFENDANT CURRENCY"), on the ground that it constitutes moneys furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange.

2. This Court has jurisdiction pursuant to 28 U.S.C.

§§ 1345 and 1355.  Venue is proper under 28 U.S.C. §§ 1355(b) and 1395(b) because acts and omissions giving rise to the forfeiture took place in the Southern District of New York and because the DEFENDANT CURRENCY was found and seized in the Southern District of New York.

3. The DEFENDANT CURRENCY is presently in the custody of the United States Marshals Service.

II. PROBABLE CAUSE FOR FORFEITURE

4. On or about October 9, 2006, officers from the New York City Police Department ("NYPD") were outside Millennium Record Store, which is located at 4045 White Plains Road, Bronx, New York.  The officers observed a blue Chevy Suburban pull up in front of the location and three individuals, including Melvin Miller ("Miller"), exit the vehicle.  Miller entered the Millennium Record Store alone, and remained there for approximately ten minutes.  All three individuals then returned to the vehicle and drove off.

5. NYPD officers stopped the car for appearing to have a forged license plate and arrested Miller, who was later issued a summons for forged registration.  One of the officers noticed a smell of marijuana emanating from the car.

6. At the time of his arrest, Miller possessed the DEFENDANT CURRENCY, which consisted of 67 one hundred dollar bills, 67 fifty dollar bills, 84 twenty dollar bills, 8 ten

dollar bills, 17 five dollar bills, and 11 one dollar bills.

       7.    After waiving his <u>Miranda</u> rights, Miller stated, in substance and in part, that he is in the clothing business and was in New York City to make deals for that business.  He further stated that he had wanted to buy some marijuana so he could take it back to Schenectady; that his friends told him they knew where he could buy marijuana; that he went to the Millennium Record Store to buy marijuana; and that if the officers had waited a little while longer, he would have been in possession of marijuana.

       8.    Miller has previously been convicted of the following drug-related offenses:

    a.    On or about January 15, 1990, he was convicted, in New York County Criminal Court, of criminal possession of a controlled substance, a misdemeanor.  He originally had been charged with criminal possession of a controlled substance with intent to sell.

    b.    On or about May 30, 1990, he was convicted, in New York County Criminal Court, of criminal possession of a controlled substance, a misdemeanor.  He originally had been charged with criminal possession of a controlled substance with intent to sell.

    c.    On or about May 19, 1992, he was convicted, in New York County Criminal Court, of criminal possession of a controlled substance, a misdemeanor.

    d.    On or about December 1, 1993, he was convicted, in New York County Criminal Court, of criminal possession of a controlled substance, a misdemeanor.

    e.    On or about May 3, 1996, he was convicted, in New

        York County Supreme Court, of criminal sale of a controlled substance, a Class B Felony, relating to an offense committed on August 14, 1987.

f.    Also on or about May 3, 1996, he was convicted, in New York County Supreme Court, of criminal possession of a controlled substance with intent to sell, a Class B Felony, relating to an offense committed on January 22, 1995.

g.    Also on or about May 3, 1996, he was convicted, in New York County Supreme Court, of criminal possession of a controlled substance with intent to sell, a Class B Felony, relating to an offense committed on March 25, 1995.

### III. CLAIM FOR FORFEITURE

9.    The allegations contained in paragraphs one through eight of this Verified Complaint are incorporated herein.

10.    Pursuant to 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code, are subject to seizure and forfeiture to the United States, and no property right exists in such property.

11.    The DEFENDANT CURRENCY is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes moneys intended to be furnished in exchange for a controlled substance, and/or proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code.

12. By reason of the above, the DEFENDANT CURRENCY became, and is, subject to forfeiture to the United States of America, pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the DEFENDANT CURRENCY and that all persons having an interest in the DEFENDANT CURRENCY be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the DEFENDANT CURRENCY to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
      April 6, 2007

                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York
                              Attorney for the Plaintiff
                              United States of America

By: _____
       ANNA ARREOLA
       Assistant United States Attorney
       One St. Andrew's Plaza
       New York, New York 10007
       Telephone: (212) 637-2218

## VERIFICATION

STATE OF NEW YORK            )
COUNTY OF NEW YORK           :
SOUTHERN DISTRICT OF NEW YORK )

Lisa DeRienzo, being duly sworn, deposes and says that she is a detective with the New York City Police Department, that she has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of her knowledge, information, and belief.

The sources of deponent's information and the grounds of her belief are official records and files of the New York City Police Department and the United States, and discussions with and documents prepared by other law enforcement officers and others.

_____
Detective Lisa DeRienzo
New York City Police Department

Sworn to before me this
6th day of April, 2007

_____
NOTARY PUBLIC

JANE CHU
Notary Public, State of New York
No. 31-4958354
Qualified in New York County
Commission Expires November 6, 2009